Q5FGsanC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x

UNITED STATES OF AMERICA,

            v.                          23 Cr. 180 (KPF)

GERARDO MERIDA SANCHEZ,

                                        Conference
            Defendant.

-------------------------------x

                                        New York, N.Y.
                                        May 15, 2026
                                        02:45 p.m.

Before:

                    HON. SARAH NETBURN,

                                        U.S. Magistrate Judge

                        APPEARANCES

JAY CLAYTON
     United States Attorney for the
     Southern District of New York
BY:  DAVID ROBLES
     JANE CHONG
     Assistant United States Attorneys

COZEN O'CONNOR
     Attorneys for Defendant
BY:  SARAH KRISSOFF
     EMMA SCULLY
     ANDREW VASQUEZ


Also Present:

Akil King, Pretrial Services Officer

Q5FGsanC

(Case called)

MR. ROBLES:  Good afternoon, your Honor.  David Robles for the government.  I am joined at counsel table by AUSA Jane Chong and pretrial services Officer Akil King.

THE COURT:  Thank you.

MS. KRISSOFF:  Good afternoon, your Honor.  Sarah Krissoff from Cozen O'Connor for Mr. Merida.  I am joined by my colleagues Emma Scully and Andrew Vasquez.

THE COURT:  Thank you.  Good afternoon, and good afternoon, Mr. Merida.  My name is Judge Netburn.

Can I have the date and time of Mr. Merida's arrest?

MR. ROBLES:  Yes, your Honor.  The defendant was arrested on May 11 at approximately 7:00 p.m. in the District of Arizona.  He arrived in this district last night.

THE COURT:  Thank you.

Sir, the purpose of today's proceedings is to advise you of certain rights that you have, inform you of the charges against you, consider whether counsel shall be appointed for you, and decide under what conditions, if any, you shall be released.  I am now going to explain certain constitutional rights that you have.

You have the right to remain silent.  You are not required to make any statements.  Even if you have already made statements to the authorities, you need not make any further statements.  Any statements that you do make can be used

Q5FGsanC

against you.

You have the right to be released either conditionally or unconditionally pending trial unless I find that there are no conditions that would reasonable assure your presence in Court or the safety of the community.

You have the right to be represented by an attorney during all court proceedings including this one and during all questioning by the authorities.  If you can not afford any attorney, I will appoint one today to represent you.  And based on the representations made in this financial affidavit, I am approving the appointment of your counsel.

Sir, you have been charged in a multi-count indictment.  You are charged in Counts One, Two, and Three. Count One charges you with participating in a narcotics importation conspiracy.  That is a violation of Title 21 of the United States Code, Section 963, and Title 18 of the United States Code, Section 3238.

Count Two charges you with possession of machine guns and destructive devices.  That is a violation of Title 18 of the United States Code, Sections 924(c)(1)(A), 924(c)(1)(B)(ii), 3238, and Section 2.

Count Three charges you with conspiracy to possess machine guns and destructive devices, a violation of Title 18 of the United States Code, Sections 924(o) and 3238.

Sir, have you received a copy of the indictment?

Q5FGsanC

MS. KRISSOFF:  Yes, he has.

THE COURT:  OK.

MS. KRISSOFF:  So I have provided him -- the government has provided us with a certified translation of the indictment, so he has received in it Spanish.

THE COURT:  OK.  And does he waive any further public reading of the indictment?

MS. KRISSOFF:  We do, your Honor.

THE COURT:  And do you want to enter a plea on his behalf?

MS. KRISSOFF:  We enter a plea of not guilty at this time.

THE COURT:  I'll enter a plea of not guilty on your behalf.  I understand that Mr. Merida is consenting to detention at this time without prejudice to making an application at a later date should that be warranted?

MS. KRISSOFF:  Yes, your Honor.

THE COURT:  I'll order him detained so it's without prejudice to making an application at a later date should that be appropriate.

I'll turn my attention to the government and direct that the prosecution comply with its obligation under *Brady v. Maryland* and its progeny to disclose to the defense all information, whether admissible or not, that is favorable to the defendant, materially either to guilt or to punishment, and

Q5FGsanC

known to the prosecution.  Possible consequences for noncompliance may include dismissal of individual charges or the entire case, exclusion of evidence, and professional discipline or Court sanctions on the attorneys responsible.  I will be entering a written order that more fully describes this obligation and the possible consequences of failing to meet it. And I direct the prosecution to review and comply with that order.

Does the prosecution confirm that it understands its obligations and will fulfill them?

MR. ROBLES:  Yes, your Honor.

THE COURT:  Thank you.  Anything further from the government?

MR. ROBLES:  No, your Honor.  I will just note for the record that I believe Judge Failla is setting a conference date for June 1st at 12:00 p.m.  We would ask that the Court exclude time under the Speedy Trial Act until that date so that the parties can begin conferring about the case and next steps.

THE COURT:  Thank you.

Ms. Krissoff, any objections?

MS. KRISSOFF:  No objection on that.

THE COURT:  All right.  We will order time excluded until June 1.

Anything further from the government?

MR. ROBLES:  No, your Honor.  Thank you.

Q5FGsanC

THE COURT:  Anything further from defense?

MS. KRISSOFF:  No, your Honor.  Thank you.

THE COURT:  Thank you.  We are adjourned.

(Adjourned)